# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 22-mj-088** |
| | : | |
| v. | : | |
| | : | |
| **JOSHUA COLGAN,** | : | |
| | : | |
| Defendant. | : | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves to modify the conditions of release that were imposed upon the defendant during a hearing on May 10, 2022, for the reasons stated below.

1. On May 10, 2022, the defendant appeared before the Court and the Court imposed various conditions of release stated in ECF Document No. 8. However, on May 11, 2022, Pretrial Services Officer Andre Sidbury sent an email to the Court and parties indicating that the pretrial services report submitted in this case failed to address certain conditions of release that were included in the Pretrial Services Report filed in the District Court of Maine, where the defendant initially appeared after his arrest.

2. Since the defendant will be courtesy supervised by the U.S. Probation Office in Portland, Maine, the government, on behalf of our Pretrial Service Agency, respectfully requests that three conditions of release be added to the defendant's conditions of release imposed by this Court. As stated in Mr. Suber's email, the additional conditions of release are that the defendant:

> 1. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

       2. Submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

       3. Not use alcohol at all.

    3.  On May 11, 2022, the undersigned communicated with Mr. Paul Enzinna, counsel for the defendant. Mr. Enzinna indicated that he opposes the motion to add the substance abuse therapy and testing conditions because it's his understanding that the assertion in the Maine Pretrial Report that Mr. Colgan refused to provide the Maine Probation Officer with his substance abuse history is not correct. Mr. Enzinna also indicated that he would consent to the no alcohol condition if the defendant actually is subject to that condition in another case. However, Mr. Enzinna indicated that he was attempting to confirm that condition existed in another case, and he has not yet informed the government of what he has found.

    4. The grounds for requesting the additional conditions of release are contained in the Pretrial Report prepared by the Maine Probation Office, which should be available to the parties upon request to the Pretrial Services Agency. That report stated that the condition to obtain a mental health evaluation and submit to treatment as recommended was imposed in a criminal case pending in Lincoln County, Maine, and that the defendant has thus far failed to comply with the condition. The Maine Probation Officer who interviewed the defendant, with his Maine counsel, stated that the defendant declined to discuss any abuse of illegal substances. There is no reason to doubt the information contained in Maine's pretrial report.

    5. In any event, the defendant's criminal history supports imposition of the additional conditions that are being requested. That history indicates that the defendant has two prior

convictions (in 2009 and 2005) related to the abuse of alcohol. Moreover, some of his other convictions, e.g, those related to criminal mischief and domestic violence, could easily have been the result of either the abuse of alcohol or mental health issues -- although the government readily acknowledges that we have no information to confirm this speculation. Nevertheless, the very nature of those offenses suggests that it is reasonable and appropriate to impose the additional conditions of release in an effort to ensure the safety of those persons living in the same community as the defendant.

Wherefore, the government respectfully requests that the Court impose the additional conditions of release requested in this motion..

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              UNITED STATES ATTORNEY

                              /s/ *Frederick Yette*
                              Frederick Yette, D.C. Bar 385391
                              601 D Street, N.W.
                              Washington, D.C. 20530
                              (202) 252-7733
                              Frederick.Yette@usdoj.gov