UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | No. 22-mj-88 |
| JOSHUA COLGAN ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant does not object to the government's request, in its Motion to Modify Conditions of Release (May 12, 2022) [ECF No. 9] ("Gov't Mot."), that the Court impose a condition requiring Defendant to not use alcohol. However, Defendant does object to the government's request that the Court impose conditions requiring that Defendant:

1. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer; and

2. Submit to testing for a prohibited substance if required by the pretrial services office or supervising officer; and

Gov't Mot. at 1-2.

The Court must impose "the least restrictive condition, or combination of conditions" that will "reasonably assure" Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Therefore, before the Court may impose this new condition, the Court must determine that without it, the conditions already imposed are insufficient to "reasonably assure" the Defendant's appearance or the safety of the community. The government has made no showing at all that this is true, and there is no information before the Court to support such a conclusion.

The government notes that Defendant is required – in the pending matter in the State of Maine – to submit to a mental health evaluation and comply with recommended treatment. Gov't Mot. at 1-2. But the government has not requested that this Court impose that condition. Instead, it asks the Court to impose a *different* condition – drug testing and substance abuse treatment – which has *not* been imposed by the State of Maine.

The government's sole justification for the addition of this condition is the fact that the Defendant declined – on advice of counsel – to answer questions about drug use posed by the U.S. Probation Office in Maine. But the Defendant has no record of drug abuse, and no prior arrests or convictions for drug offenses, and the government offers no information suggesting that any hypothetical use of illegal drugs by Defendant might cause him to fail to appear as required, or endanger the community.

In sum, the government has made no showing that the "the least restrictive . . . combination of conditions" that will "reasonably assure" Defendant's appearance and the safety of the community, 18 U.S.C. § 3142(c)(1)(B), includes drug testing and substance abuse treatment. Therefore, Defendant respectfully objects to the imposition of this condition.

Date: May 19, 2022

Respectfully submitted,

 /s/ Paul F. Enzinna
Ellerman Enzinna Levy PLLC
1050 30th Street, NW
Washington, DC 20007  202.753.5553
penzinna@eellaw.com

*Counsel for Defendant Joshua Colgan*

2

CERTIFICATE OF SERVICE

      I certify that on May 19, 2022, a copy of the foregoing Defendant's Response to Government's Motion to Modify Conditions of Release was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

Dated:  May 19, 2022　　　　　　　　　Respectfully submitted,

                                              /s/ Paul F. Enzinna
                                            Ellerman Enzinna Levy PLLC
                                            1050 30th Street, NW
                                            Washington, DC 20007
                                            202.753.5553
                                            penzinna@eellaw.com

                                            *Counsel for Defendant Joshua Colgan*